In the Matter of Joseph Gil, Also Known as Joseph L. Gil, an Attorney, Respondent. Brooklyn Bar Association, Petitioner.

Second Department, December 6, 1971.

490

*Seymour Rayner* for petitioner.

*Peter G. Mirto* for respondent.

*Per Curiam.* The respondent was admitted to practice law by this court on March 28, 1951. The petitioner has moved for action by this court upon the report of the Justice to whom the matter had been referred for hearing and report. The petition, as amended, sets forth a number of charges of professional misconduct based on complaints made by or on behalf of clients of the respondent and, in one case, by a printing firm which did business with the respondent.

Briefly stated, it was found that the respondent had failed to proceed or take any action with respect to claims of several of his clients to recover damages for personal injuries and failed to file the required statements of retainer; that he never proceeded to bring suit on behalf of a client in a civil matter and failed to refund the money paid to him as a retainer; that he commingled his client's money in an amount in excess of $5,000, which he was to hold in escrow, issued a check therefor which was returned for insufficient funds, and finally made repayment only after the completion of the hearings herein; and that in three cases he failed to repay money paid to or owed by him until after complaints had been filed with the petitioner, two of which complaints involved the issuance of " bad " checks.

The reporting Justice has found that, with the exception of two of the charges, all of the charges were supported by the evidence and, in our opinion, except to the extent indicated in the report, the charges were fully sustained by the proofs.

The respondent's conduct and actions show a complete lack of interest in his professional obligations. We agree with the conclusions of Mr. Justice McGroarty that "it is quite apparent that his treatment of his clients' affairs as complained of herein, falls far short of the minimum degree of fidelity, care and honesty required of any member of the Bar." His behavior demonstrates a pattern of consistent misconduct and, in our opinion, he lacks the character and fitness required to practice law.

The petitioner's motion is granted and the report is confirmed. The respondent is adjudged guilty of serious professional misconduct. He should be disbarred from the further practice of law and his name removed from the roll of attorneys and counselors at law, effective forthwith.

RABIN, P. J., HOPKINS, MUNDER, LATHAM and SHAPIRO, JJ., concur.

Motion granted and report confirmed.

Respondent is adjudged guilty of professional misconduct, he is disbarred and his name is ordered removed from the roll of attorneys and counselors at law, effective forthwith.